**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Peter Michael Guevara,                                         No. 26-cv-1273 (KMM/SGE)

      Plaintiff,

v.                                                                            **ORDER**

Eric C. Tostrud, et al.,

      Defendants.

---

Plaintiff Peter Michael Guevara brought this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated during a recent prosecution resulting in his conviction on charges of receipt and possession of child pornography. (Dkt. 1.); *see United States v. Guevara*, No. 21-cr-241 (ECT/DTS) (D. Minn.). He sued the district judge and magistrate judge assigned to his criminal case, the prosecutor, his defense counsel, and many others, for allegedly preventing him from fully presenting his defense. Because Mr. Guevara is a prisoner, United States Magistrate Judge Shannon G. Elkins reviewed his complaint prior to service under 28 U.S.C. § 1915A, and issued a Report and Recommendation (R&R) recommending that the case be dismissed without prejudice because Mr. Geuvara's claims are barred by the doctrine set out in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). (Dkt. 4.)

On March 31, 2026, Mr. Guevara filed objections to the R&R, a motion for leave to file a first amended complaint, and a proposed first amended complaint. (Objections, Dkt. 10; Mot. to Amend, Dkt. 8; First Am. Compl., Dkt. 12.) In his objections to the

1

R&R, Mr. Guevara argues that the Judge Elkins misapplied *Heck*. (Dkt. 10.) And in his motion to amend, he asserts that he seeks to narrow his claims to address the concerns raised in the R&R and address only "independent constitutional violations." (Dkt. 8 at 1.)

Because Mr. Guevara objected to the R&R, the Court has reviewed the matter de novo. Fed. R. Civ. P. 72(b)(3). Based on that review, the Court finds no error in the R&R's analysis and agrees with the conclusion that Mr. Guevara's claims are barred by *Heck* because the essence of those claims, if proven true, would plainly call into doubt the validity of his conviction. Therefore, the Court adopts the R&R. Moreover, the Court denies Mr. Guevara's request for leave to file an amended complaint. The proposed amendment (Dkt. 12) does not change the essence of Mr. Guevara's claims—that the defendants conspired to interfere with his ability to present a complete defense in his criminal case. Thus, granting leave to amend would be futile. *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (explaining that denying leave to amend for futility means that the court finds a proposed amendment fails to state a cause of action).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation (Dkt. 4) is **ACCEPTED**.

2. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

3. Plaintiff's application to proceed *in forma pauperis* (Dkt. 2) is **DENIED**.

4. Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 8) is **DENIED**.

5. Plaintiff's Motion to Update Official Mailing Address and Direct Service to Alternate Address for All Matters Before this Court (Dkt. 7) is **DENIED** as moot.

6.  Plaintiff is directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court is directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Date: April 28, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge